U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 16 2020
CLERK, U.S. DISTRICT COURT
By [signature] Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS MARCOOT, | § | |
| TDCJ-CID No. 1919783, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-258-Z |
| | § | |
| KEITH GENTRY, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**
**DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff MARCUS MARCOOT, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint.[2] *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

At the time of filing this complaint, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Neal Unit in Amarillo, Texas. By his complaint, plaintiff sues seven individuals. (ECF No. 1). Plaintiff was scheduled for a medical appointment to have his ears flushed. Defendant Jackson, a licensed vocational nurse, performed the procedure to flush plaintiff's ears. Plaintiff claims he asked for the water to be warmer and defendant Jackson became upset with him and ordered him out of the medical unit.

Plaintiff alleges that he was later written up (given a disciplinary infraction) for an assault on defendant Jackson. Plaintiff filed a grievance demanding the disciplinary charge and conviction

---

incredible," not just to the level of the unlikely. *Booker,* 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker,* 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker,* 2 F.3d at 116.

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

be dismissed from his record and his good time, lost as a result of the conviction, be restored. Plaintiff claims this disciplinary infraction possibly cost him parole.

By these claims, plaintiff alleges that all defendants participated in various unlawful acts that resulted in his disciplinary conviction, including: fabricating evidence against him, perjury, false statements, failure to investigate grievances concerning the incident, and failing to correct misconduct. Plaintiff seeks monetary damages and requests "restoration of his good-time credits" and injunctive relief.

## ANALYSIS

The Supreme Court has held that a section 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Here, plaintiff is challenging a conviction on a disciplinary case and the resulting sentence. Any consideration of these claims would necessarily invalidate the conviction and sentence, and plaintiff has not shown his disciplinary case was reversed or declared invalid or was called into question by the issuance of a writ of habeas corpus. Thus, his claims are frivolous.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED with prejudice as frivolous until the *Heck* conditions are met.

**SO ORDERED.**

January 16, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE